IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GERALDINE TATE, INDIVIDUALLY AND ON
BEHALF OF THE ESTATE OF ANTONIO TATE,
DECEASED                                                                                            PLAINTIFF

v.                                                                        CIVIL ACTION NO.: 1:11-CV-00204

LAFAYETTE COUNTY MISSISSIPPI;
MIKE PICKENS, SUPERVISOR, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
JOHNNY MORGAN, SUPERVISOR, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
ROBERT BLACKMON, SUPERVISOR, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
LLOYD OLIPHANT, SUPERVISOR, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
RAY SOCKWELL, JR., SUPERVISOR, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
JOHN DOES 1-25 AND XYZ ENTITIES                                              DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is Defendants' Motion to Dismiss [12] brought under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, this Court grants that motion.

## FACTUAL BACKGROUND

Plaintiff Geraldine Tate commenced this action on behalf of the estate of Antonio Tate in the Northern District of Mississippi, filing a complaint September 22, 2011. Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against Lafayette County, Mississippi and members of the Board of Supervisors of Lafayette County, in their individual and official capacities. Plaintiff specifically alleges that on September 22, 2008, Antonio Tate hanged himself while being incarcerated in the Lafayette County Detention Center. Further, Plaintiff alleges that the death of

Antonio Tate was a proximate result of the grossly negligent supervision of the prisoners at the Lafayette County Detention Center and the grossly negligent training and supervision of officials in the Lafayette County Detention Center. Plaintiff argues that such conduct demonstrated a complete disregard and deliberate indifference for the safety, well-being, and constitutionally protected rights of the deceased.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Id. But the court is not bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678-79, 129 S. Ct. 1937.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. Id. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. Twombly, 550 U.S. at 555, 127 S. Ct. 1955. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. Lormand, 565 F.3d at 255-57. If there are insufficient factual

allegations to raise a right to relief above the speculative level, the claim must be dismissed. Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

## DISCUSSION

Plaintiff's complaint falls well short of the specificity required to survive a motion to dismiss. As set forth in Iqbal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. at 678, 129 S. Ct. 1937. This requires the pleading of factual content that at least allows a reasonable inference that the defendant is liable for the alleged misconduct. Id., 129 S. Ct. 1937. Although such a requirement does not necessitate detailed factual allegations, formulaic recitations of the elements of a cause of action simply will not do. Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

Plaintiff's complaint sets forth absolutely no facts that allow the Court to infer that the Defendants are liable for the misconduct alleged. The sole particularized factual allegation contained in the complaint is that Antonio Tate hanged himself on September 22, 2008 while being incarcerated in the Lafayette County Detention Center. Plaintiff's additional conclusory and formulaic assertions that the decedent's death was caused by the "grossly negligent supervision of prisoners" and "the grossly negligent training and supervision of officials" are simply insufficient to give rise to an inference of liability. Nor, contrary to the regurgitation of such averments throughout the complaint, is Plaintiff's case saved by the repetition of such vague allegations in varied form.

CONCLUSION

Based on the fact that the Plaintiff has failed to set forth even the most general factual allegations allowing an inference of liability against the Defendants, opting instead for legal conclusions, Defendants' Motion to Dismiss [12] is GRANTED.

SO ORDERED, this the 13th day of December, 2012.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**